W. L. GARDNER, J. J. MURPHY, Respondents, v. T. L. STANGE-BYE, et al, Appellants.

(185 N. W. 369.)

**Assignments — assignee of obligation to pay rent held entitled to sue thereon.**

This is an action by the assignee of a lease and bond for the payment of rent and there is no claim that the judgment is for more than the sum

due.  *Held*, that as the assignee of a contract to pay money the plaintiff has a right to maintain the action.

Opinion filed Nov. 23, 1921.

Appeal from the District Court of Hettinger County, *Pugh*, J.

Affirmed.

*Charles Simon*, for appellants.

All contracts of suretyship must be strictly construed to impose upon the surety only those burdens clearly within its terms and must not be extended by implication or presumption.  32 Cyc. p. 73; Sather Banking Co. v. Arthur R. Briggs Co. 138 Cal. 724; 72 Pac. 352.

The obligee of a bond is the only one who can enforce the liability of surety thereon, unless by virtue of a statute, or of an express provision in the instrument.  32 Cyc. 123, also pp. 125-127.

The assignment of a bond or contract of suretyship terminates the contract.  32 Cyc. 84; 21 R. C. L. pp. 974, 975 and 976.

"The sale of part of leased premises by the lessor, without the consent or knowledge of the lessee's sureties, discharges the latter, though the lease gives the lessor the right to sell the entire premises on the giving of a specified notice.  The consent which the parties to a lease must have from a surety thereon in order to alter materially the lease may be implied from the language of the lease.  21 R. C. L. p. 1017, ¶ 65.

Sureties are entitled to stand on the strictness of their obligation. Young v. Young, (Ind.) 52 N. E. 776.

Whether one's name is signed to an instrument as principal or surety, he is, of course, equally bound by the obligation.  21 R. C. L. 954.

One who undertakes to guarantee payment of the debt of another has the right to make the terms and conditions upon which he will assume the burden, and if the conditions so assumed are not complied with or waived the guarantor is discharged.  Williamson Heater Co. v. Whitman, 183 N. W. 404 (Ia.) White's Administrator v. Life Ass'n. of America, 35 Am. Rep. 45; 63 Ala. 419; Distinction between surety and indemnitor, 21 R. C. L. pp. 958-959; Distinction between surety and guarantor, 21 R. C. L. 949-950.

Where two or more make a joint promise each are liable to the

promisee for the whole indebtedness or liability, neither is bound by himself but all of them are bound jointly to the full extent of the promise. 9 Cyc. p. 653; Clemens v. Miller, 13 N. D. 176; 100 N. W. 239; Grovenor v. Signor, 10 N. D. 503; Aamoth v. Hunter, 33 N. D. 582.

*Harvey J. Miller,* for respondents.

"To preclude the assignment of rights arising out of a contract, it must appear that a relation of personal confidence is involved in the nature of the rights themselves.' Roehm v. Horst, 20 Sup. Ct. 780, 178 U. S. 1, 5 C. J. 880-2; in re: Wright, 157 Fed. 544; 18 L. R. A. N. S. 193.

In interpreting the terms of a contract of suretyship, the same rules are to be observed as in the case of other contracts. § 6678 C. L. 1913 of N. D.

An account, claim, debt, or demand is liquidated, when it appears that something is due and how much is due.

Kennedy v. Queens Co. 62 N. Y. Suppl. 276. When the amount due is fixed by law or has been ascertained and agreed upon by the parties. 116 Ia. 535, 90 N. W. 338.

Robinson, J. This suit is based on a written lease of the Gardner Hotel property in New England and on a bond to pay the rent and on an assignment of the lease and bond. The lease was for one year from December 15, 1916. The lessees covenanted to pay the lessor, his heirs or assigns, as rent for the use of the property, $375 a month. To secure the same the lessees, Davis and wife, with the appellants as sureties, made to the lessor an undertaking in the sum of $1,500 to pay the rents. The lease was attached to and made a part of the bond or undertaking.

On August 30, 1917, the lessor did in writing transfer to L. L. Gardner, for the use of himself and his co-plaintiff, the lease and bond, with all sums due or to become due thereon. This action is based on the lease, the bond, and the transfer. The judgment is for the precise amount of rent due on the lease, viz. $594.48, with interest. There being no facts in dispute, both parties moved for a directed verdict, and the court dismissed the jury and gave judgment for the plaintiff.

Appellant relies on three points or propositions:

(1) That the bond is not assignable.

(2) That the bond is a joint obligation, and the principals should have been joined as parties defendant.

(3) That the action is on an unliquidated demand without joining the principals.

Neither point has any real merit.

A right arising out of an obligation is the property of the person to whom it is due and may be transferred as such. Code, § 5783.

The lease and the bond were an obligation to pay a definite sum as rent. The right to the rent was the property of the lessor, and it was transferable as such. Besides, the lease was made a part of the bond, and it contained a covenant to pay the rent to the lessor, his heirs or assigns.

The second point is on the nonjoinder of the lessees, who, it appears, had left the state and had no property in the state. The evidence shows that an effectual joinder of the lessees was an impossibility, and the law neither does nor requires idle acts. Besides this, the defendants have waived the objection of nonjoinder. Such an objection must be taken by answer or demurrer. Code, §§ 7442-7447. If the complaint had shown that the lessees were alive and within the jurisdiction of the court, the objection might have been taken by demurrer. As the complaint made no such showing, defendants might have answered that the lessees were joint parties to the contract, and that they were alive and at a certain place within the state.

The third point has no shade of merit. This is not an action for damages. It is an action on contract for a precise amount, and there is no claim that the judgment is for a cent more than is due.

Affirmed.

CHRISTIANSON and BIRDZELL, JJ., concur.

GRACE, C. J., and BRONSON, J., concur in the result.